IN THE COURT OF COMMON PLEAS
OF
FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| KATHRYN B. STEMAC and GEORGE D. STEMAC, her husband, | : CIVIL ACTION—LAW |
| Plaintiffs, | : |
| vs. | : Case No. 882 of 2019, G.D. |
| LM GENERAL INSURANCE COMPANY, t/d/b/a LIBERTY MUTUAL INSURANCE, | : **CIVIL COMPLAINT** |
| Defendant. | : |
| | : Honorable _____ Judge |
| | : JURY TRIAL DEMANDED |
| | : FILED ON BEHALF OF: |
| | : Plaintiff |
| | : Counsel of Record for this Party: |
| | : Benjamin F. Goodwin, Esquire |
| | : PA ID 204031 |
| | : Amanda M. Como, Esquire |
| | : PA ID 314249 |
| | : GOODWIN COMO, P.C. |
| | : PA ID 204031 |
| | : 108 N. Beeson Blvd., |
| | : Suite 400 |
| | : Uniontown, PA 15401 |
| | : T. (724) 438-1616 |

FILED 2019 APR 25 AM 11: 35 FAYETTE COUNTY PROTHONOTARY

TRUE AND ATTESTED COPY

*[signature]* Nina Capuzzi Frankhouser
Prothonotary

Exhibit A

| | |
|---|---|
| KATHRYN B. STEMAC and GEORGE D. STEMAC, Her Husband, | : IN THE COURT OF COMMON PLEAS OF<br>: FAYETTE COUNTY, PENNSYLVANIA |
| Plaintiffs, vs. | : CIVIL ACTION—LAW |
| LM GENERAL INSURANCE COMPANY, t/d/b/a/ LIBERTY MUTUAL INSURANCE, | : Case No. _____, G.D. |
| Defendant. | : HONORABLE _____ JUDGE |
| | : JURY TRIAL DEMANDED |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PENNSYLVANIA LAWYERS REFERRAL SERVICE
PENNSYLVANIA BAR ASSOCIATION
100 SOUTH STREET
P.O. BOX 186
HARRISBURG, PA 17108
1-800-692-7375

| | |
|---|---|
| KATHRYN B. STEMAC and<br>GEORGE D. STEMAC,<br>Her Husband, | : IN THE COURT OF COMMON PLEAS OF<br>: FAYETTE COUNTY, PENNSYLVANIA<br>:<br>: |
| Plaintiffs,<br>vs. | :<br>: CIVIL ACTION—LAW<br>: |
| LM GENERAL INSURANCE<br>COMPANY, t/d/b/a/ LIBERTY<br>MUTUAL INSURANCE, | : Case No. _____, G.D.<br>:<br>: |
| Defendant. | : HONORABLE _____ JUDGE<br>:<br>: JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

COMES NOW, the Plaintiffs, KATHRYN B. STEMAC and GEORGE D. STEMAC, her husband, by and through their attorneys, GOODWIN COMO, P.C., Benjamin F. Goodwin, Esquire, and Amanda M. Como, Esquire, who files this Civil Complaint and in support thereof respectfully aver the following:

1. The Plaintiff, Kathryn B. Stemac, is an adult individual who resides at 728 Main Street, Addison, Fayette County, Pennsylvania, 15411.

2. The Plaintiff, George D. Stemac, is an adult individual who resides at 728 Main Street, Addison, Fayette County, Pennsylvania, 15411. He is the husband of Kathryn B. Stemac.

3. The Defendant, LM General Insurance Company, is a corporation having its headquarters located at 175 Berkley Street, Boston, Massachusetts, 02116.

4. Said LM General Insurance Company, trades and does business in the

Commonwealth of Pennsylvania as Liberty Mutual Insurance and is engaged in the business of providing automobile insurance, including underinsured motorist coverage, to residents of the Commonwealth of Pennsylvania.

5. On or about March 2, 2016, the Defendant, LM General Insurance Company, by and through its local agent, issued to the Plaintiffs, Kathryn B. Stemac and George D. Stemac, her husband, insurance Policy Number A06-288-072697-4062, insuring the Plaintiffs' 2004 Chevrolet Silverado.

6. The aforesaid insurance policy issued by the Defendant provided underinsured motorist benefits in the amount of $100,000.00 on said vehicle. Coverage provided by said policy to the Plaintiffs by the Defendant was in full force and effect on September 20, 2016.

7. On or about September 30, 2016 the Plaintiff, Kathryn B. Stemac, was operating a 2004 Chevrolet Silverado pickup truck, which was insured by the aforementioned insurance policy, in a westerly direction on National Pike Road (State Route 40) at or near its intersection with Guerrier Drive, in Wharton Township, Fayette County, Pennsylvania.

8. On or about September 30, 2016, the Jereme D. Sarver was operating a 1996 Jeep Cherokee automobile and traveling in an easterly direction on National Pike Road (State Route 40) at or near its intersection with Guerrier Drive, in Wharton Township, Fayette County, Pennsylvania.

9. On or about September 30, 2016, the Jereme D. Sarver turned left from the eastbound lane of National Pike crossing in front of the automobile being operated by the Plaintiff Kathryn B. Stemac and her lane of travel which caused Plaintiff's vehicle to collide with the Defendant's vehicle causing the Plaintiff to be injured.

10. Jereme D. Sarver owed the Plaintiffs a duty to exercise reasonable care in the operation of his vehicle on the date in question. Jereme D. Sarver breached his duty in that he failed to operate his vehicle in a safe and reasonable manner.

11. All the damages sustained by the Plaintiffs were caused solely by and were the direct and proximate result of the negligence of the Jereme D. Sarver in the following particulars:

> (a) In failing to keep his automobile under proper and adequate control;
>
> (b) In traveling at an excessive rate of speed under the circumstances;
>
> (c) In failing to keep a proper lookout ahead;
>
> (d) In failing to yield the right-of-way to oncoming traffic;
>
> (e) In colliding with the Plaintiff's automobile;
>
> (f) In failing to pay adequate attention to the traffic and the road ahead;
>
> (g) In making a left-turn in front of traffic at a distance in which the Defendant knew or should have known that oncoming traffic would not able to avoid a collision; and
>
> (h) In failing to properly signal his intention to make a turn.

12. As a result of the negligence of the Jereme D. Sarver, aforesaid, and the aforesaid collision, the Plaintiff, Kathryn B. Stemac, was thrown in and about said vehicle and sustained serious, painful and permanent injuries to her person as follows:

> (a) Severe shock to her nerves and nervous system;
> (b) Back and neck sprain and strain;

    (c) Concussion;

    (d) Torn ligament/tendon in her right shoulder and bicep;

    (e) Headaches;

    (f) Great pain, suffering, inconvenience; mental suffering and anguish, humiliation, and may continue to suffer the same for an indefinite period of time;

    (g) Plaintiff's general health and vitality has been impaired; and

    (h) Other injuries, the extent of which, are not fully known at this time.

13. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff, has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medicines, physical therapy and/or similar medical and/or medically related instrumentalities and modalities.

14. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff, has incurred a loss of income and shall incur future income losses.

15. As a direct and proximate result of the aforementioned incident and the resulting injuries and/or damages, Plaintiff, suffered and/or suffers and/or will continue to suffer from physical and mental discomfort, anguish, distress, pain, suffering and/or inconvenience.

16. As a proximate result of the negligence of said Defendant, the Plaintiff, George D. Stemac, was and continues to be deprived of the society, assistance, comfort, services, and consortium of his said wife to his great damage.

17. At the time of the collision, said Jereme D. Sarver's vehicle was insured by Nationwide Property & Casualty Insurance Company by a policy which provided for third-party bodily injury insurance limits of $15,000.00.

18. On or about January 24, 2019, Nationwide tendered $14,000.00 of their $15,000.00 bodily injury limits to the Plaintiffs.

19. By correspondence dated January 24, 2019, the Defendant consented to the settlement by Natiowide.

20. Said Jereme D. Sarver's available limits of liability insurance at the time of the collision was insufficient to pay the losses and damages of the Plaintiffs.

21. All forms of insurance under all bodily injury liability bonds and insurance policies and self-insurance plans applicable at the time of the collision between the Plaintiffs and Jereme D. Sarver were insufficient to pay the losses and damages of the Plaintiffs.

22. The Plaintiffs made claim against the underinsured motorist portion of their automobile policy with the Defendant to compensate them for injuries and damages they suffered as the result of the negligence of an underinsured motorist as heretofore set forth.

23. To date, the Defendant has failed to tender a fair or reasonable offer that will compensate the Plaintiffs for the full extent of their damages and injuries.

## COUNT I-BREACH OF CONTRACT
## GEORGE D. STEMAC V. STEMAC V. LM GENERAL INSURANCE COMPANY T/D/B/A LIBERTY MUTUAL INSURANCE

24. Paragraph 1 through 23 are incorporated herein by reference thereto as though set forth in their entirety.

25. The Defendant has materially breached its contract with the Plaintiff by

failing to offer payment of the reasonable and fair value of Plaintiffs' underinsured motorists benefits.

26. All conditions precedent to the Defendant's performance have been satisfied.

WHEREFORE, Plaintiffs, pray for judgment in their favor and against the Defendant, LM General Insurance Company, for an amount in excess of $50,000.00 plus legal interest and costs.

A JURY TRIAL IS DEMANDED.

Respectfully Submitted:

GOODWIN COMO, P.C.

Dated: April 25, 2019            By: _____
                                     Benjamin E. Goodwin, Esq.
                                     Attorney for Plaintiffs

## VERIFICATION

I, KATHRYN B. STEMAC, verifies that the averments of fact made in the foregoing Complaint are true and correct and based on my personal knowledge, information and belief. I understand that the averments of fact in this said document is made subject to the penalties of 18 PA. C.S. 4904 relating to unsworn falsification to authorities.

_____
KATHRYN B. STEMAC

Date: 4-25-19

## VERIFICATION

I, GEORGE D. STEMAC, verifies that the averments of fact made in the foregoing Complaint are true and correct and based on my personal knowledge, information and belief. I understand that the averments of fact in this said document is made subject to the penalties of 18 PA. C.S. 4904 relating to unsworn falsification to authorities.

_____
GEORGE D. STEMAC\

Date: 4-25-19